MALOOF & BROWNE LLC
David T. Maloof, Esq.
Kipp C. Leland, Esq.
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mails: dmaloof@maloofandbrowne.com
            kleland@maloofandbrowne.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GE PACKAGED POWER, LLC and
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,

                     *Plaintiffs,*

        - against -

NIPPON EXPRESS USA INC.,

                     *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Index No. 22-Civ-9570**

**<u>COMPLAINT</u>**

Plaintiffs GE Packaged Power, LLC (hereinafter "GE") and Indemnity Insurance Company of North America (hereinafter "IINA") (hereinafter, collectively, "Plaintiffs") by their undersigned attorneys, Maloof & Browne LLC, for their Complaint, allege on information and belief as follows:

**GENERAL ALLEGATIONS**
**<u>APPLICABLE TO ALL CAUSES OF ACTION</u>**

**<u>JURISDICTION, VENUE AND PARTIES</u>**

1.     This Court has subject matter jurisdiction pursuant to the Convention for the Unification of Certain Rules Relating to International Transportation by Air Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106–45 (hereinafter "Montreal Convention"),

1

federal common law, diversity citizenship of the parties, 28 U.S.C. § 1332(1) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.      At all times material hereto, Plaintiff GE Packaged Power, LLC (hereinafter "GE") was and is a corporation existing under and by virtue of the laws of Delaware, with its principal place of business at 16415 Jacintoport Blvd Houston Texas, 77015, and who owned the Shipment which is the subject of this action.

3.      At all times material hereto, Plaintiff Indemnity Insurance Company of North America (hereinafter "IINA") was and is a corporation existing under and by virtue of the laws of Pennsylvania, with its principal place of business at 436 Walnut Stret, Philadelphia, Pennsylvania, 19106, and who insured GE, the owner of the Shipment which is the subject of this action, and its corporate affiliates.

4.      At all times material hereto, Defendant Nippon Express USA Inc (hereinafter "NE" or "Defendant") was and is a corporation existing under and by virtue of the laws of New York, with its principal place of business at 800 N. IL Route 83, Wood Dale, Illinois, 60191, and was and now is engaged in business as, *inter alia*, a carrier of goods by air and/or by road for hire, and operates and runs routes in this District.

5.      Venue is proper here within the meaning of 28 U.S.C. § 1391(c) and/or 49 U.S.C. § 14706(d), the Southern District of New York is the most convenient forum, and personal jurisdiction against the Defendant is proper in this District, because and Defendant does business here and agreed and a number of the most important witnesses involved with the claim are located here or in the vicinity, and because GE and Defendant agreed in the applicable contract that suit with respect to the Shipment at issue is to be filed in this forum.

## THE SHIPMENT

6.       On or about November 16, 2021, there was shipped by GE and delivered to NE in Houston, Texas a consignment consisting of one LM6000 Gas Turbine Engine, then being in good order and condition (the "Shipment").  In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendant NE agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of the Shipment from Houston, Texas to Dar Es Salaam, Tanzania, and there deliver the Shipment in the same good order and condition as when received.  The Shipment is described in transportation document number "NEU-1737 2121*" issued by NE and dated November 16, 2021, and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

7.       The Shipment was not delivered at destination in the same good order and condition as received, but on the contrary, was severely damaged, all in violation of Defendant NE's obligations as a carrier and/or broker and/or forwarder and/or otherwise.

8.       Plaintiff IINA insured the Shipment against loss and damage. By reason of the loss described above, Plaintiff IINA was obliged to pay and actually paid, or will soon pay, the claim to GE, the shipper and owner of the Shipment, and incurred substantial additional other expenses, for which Defendant is legally liable. Plaintiff IINA brings this action on its own behalf and as agent or trustee on behalf of its insured for its deductible interest, and on behalf of all parties who may be or become interested in the subject Shipment as their respective interests may ultimately appear, and Plaintiff IINA is duly entitled to maintain this action.

9.       Plaintiffs have performed all conditions on their parts to be performed.

10.      By reason of the foregoing, Plaintiffs have sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated

to be up to or exceeding U.S. $1,000,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE MONTREAL CONVENTION AND/OR FEDERAL COMMON LAW

11.     Plaintiffs incorporate herein by reference all of the preceding allegations and all of the allegations below.

12.     By reason of the foregoing, the Defendant NE was a common carrier of merchandise by air and/or by road for hire, and/or otherwise was a carrier of merchandise and/or a freight forwarder and/or broker and breached its duties as such under the Montreal Convention and/or under federal common law and/or under other applicable laws and/or under the applicable transportation contracts.

13.     By reason of the foregoing, the Defendant has caused damage to Plaintiffs, and to the others on whose behalf Plaintiffs sue, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,000,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF GLOBAL AIR FREIGHT TRANSPORTATION CONTRACT

14.     Plaintiffs incorporate herein by reference all of the preceding allegations and all of the allegations below.

15.     Defendant NE and Plaintiff GE, by virtue of its parent company General Electric Company being a member of the Global Shipper's Association, entered into a written contract entitled "Global Air Freight Transportation Contract" signed October 15, 2013 and October 18, 2015, and as amended on July 1, 2016 (said contract, as amended, will be referred to hereinafter as the "GAFTC"), under which the Shipment moved.

16.     Pursuant to the GAFTC, Defendant NE was responsible for transporting the

4

Shipment, and for any damage or loss caused to the Shipment.

17.     Defendant NE breached the GAFTC and is therefore liable for the damage to the Shipment which occurred.

18.     Defendant NE's breaches of the GAFTC were*, inter alia*, material breaches and/or material deviations from the GAFTC.

19.     Defendant NE materially breached the GAFTC and/or materially deviated from the GAFTC by, *inter alia,* failing to effectuate specialized safety measures which it specifically agreed with GE that it would perform to minimize the risk of damage to the Shipment.

20.     Defendant NE was told by GE before receiving the Shipment, and otherwise had full knowledge prior to carrying the Shipment, that use of a truck without an air-ride suspension to transport the Shipment would cause extensive damage to the Shipment.

21.     Defendant NE specifically agreed to, *inter alia*, only use trucks with air ride suspensions instead of spring suspensions to transport the Shipment, as the use of trucks with spring suspensions to transport the Shipment would cause damage the Shipment.

22.     Defendant NE specifically acknowledged to GE its obligation to use an air-ride truck to carry the Shipment before undertaking carriage by, *inter alia*, printing on the transportation document it issued that "ALL GROUND TRANSPORTATION MUST BE AIR-RIDDEN TRUCK OR TRAILER."

23.     Defendant NE breached and/or materially deviated from its obligation to, *inter alia*, only use trucks with air ride suspensions instead of spring suspensions, as a direct result of which NE caused extensive damage to the Shipment.

24.     Defendant NE agreed in the GAFTC that, *inter alia*, it would not subcontract its responsibilities for carriage of the Shipment.

25.     Defendant materially breached and/or materially deviated from its obligation to not subcontract its responsibilities for carriage of the Shipment, by, *inter alia*, subcontracting land carriage of the Shipment in Tanzania to a subcontractor who, *inter alia*, did not utilize a truck with an air-ride suspension to transport the Shipment.

26.     Defendant NE agreed in the GAFTC that, *inter alia*, it would only use its own employees to perform the carriage of the Shipment.

27.     Defendant materially breached and/or materially deviated from its obligation to only use its own employees to perform the carriage of the Shipment, by, *inter alia*, utilizing the employees of another company for land carriage of the Shipment in Tanzania who, *inter alia*, carried the Shipment with a truck that lacked the air-ride suspension required to transport the Shipment without damaging it.

28.     The GAFTC provides that time is of the essence with respect to every provision of the Contract, making the breach of any and all deadlines in the contract a material breach of the contact.

29.     Defendant NE agreed in the GAFTC that, *inter alia*, it would either pay or decline all cargo claims within 60 days of receipt of claim.

30.     Defendant NE acknowledged receipt of claim for the Shipment on August 9, 2022.

31.     60 days after August 9, 2022 is October 8, 2022.

32.     To date, Defendant NE has neither paid nor declined the claim for the Shipment.

33.     Defendant NE materially breached and/or materially deviated from the GAFTC by failing to pay or decline the claim for the Shipment within the strict 60 day deadline

of its receipt of the claim for the Shipment.

34.     Defendant NE may well have committed other material breaches and/or material deviations from the GATFC in other ways with respect to the carriage of the Shipment, which will be elucidated in discovery.

35.     By reason of the foregoing, the Defendant has caused damage to Plaintiffs, and to the others on whose behalf Plaintiffs sue, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,000,000.00.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE/GROSS NEGLIGENCE/INTENTIONAL ACTS**

36.     Plaintiffs incorporate herein by reference all of the preceding allegations and all of the allegations below.

37.     The Defendant NE, by its negligence and/or gross negligence and/or intentional acts, including, *inter alia*, its negligent entrustment/failure to carefully select the actual truckers, and/or failure to verify the truck and/or trailer carrying the Shipment had an air ride suspension, caused the damage to the Shipment.  The facts indicate that the Defendant NE may also well have failed to use reasonable care in handling the Shipment and/or in other ways which will be elucidated in discovery.  The Defendant NE therefore improperly failed to deliver the Shipment to the consignee, or its designee, in as good condition as when entrusted to it.

38.     By reason of the foregoing, the Defendant has caused damage to Plaintiffs, and to the others on whose behalf Plaintiffs sue, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,000,000.00.

## FOURTH CAUSE OF ACTION

### TO COMPEL NEGOTIATION
### AND/OR MEDIATION AND/OR ARBITRATION

39.     Plaintiffs incorporate herein by reference all of the preceding allegations and all of the allegations below.

40.     By reason of the foregoing, Defendant NE was obligated under terms of the GAFTC to negotiate and/or mediate and/or arbitrate Plaintiffs' claims for loss and damage to the Shipment.

41.     Defendant NE has not submitted to negotiation and/or mediation and/or arbitration of Plaintiffs' claims for loss and damage to the Shipment.

42.     By reason of the foregoing, the Defendant has caused damage to Plaintiffs, and to the others on whose behalf Plaintiffs sue, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $1,000,000.00.

WHEREOF, Plaintiffs pray:

1.     That process in due form of law may issue against Defendant NE to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of Plaintiff against Defendant NE on each of the Causes of Action for the amount of Plaintiffs' damages, together with interest, costs and the disbursements of this action;

3.     That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Dated:  Rye, New York
        November 9, 2022

MALOOF & BROWNE LLC


By: /s/ David T. Maloof
    David T. Maloof, Esq.
    Kipp C. Leland, Esq.
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mail: dmaloof@maloofandbrowne.com
        kleland@maloofandbrowne.com

F:\WP-DOCS\1708.09\Pleadings\110922 FINAL Complaint.docx